**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDERS RE PENDING** |
| | ) | **MOTIONS** |
| vs. | ) | |
| | ) | Case No.: 1:06-cr-059 |
| Carl Kenneth Kabat, | ) | |
| Gregory Irwin Obed, | ) | |
| Michael Robin Walli, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court are series of motions filed by the defendants as set forth below. In order to preserve the trial date, the court is taking the following immediate action without awaiting a response from the government:

1. <u>Motions to have access to law library with international and federal laws</u>.

The charge contained in the indictment is willfully injuring government property in violation of 18 U.S.C. § 1361. The court is not aware of any authority that makes a violation of international laws or treaties a defense to the charge contained in the indictment or otherwise relevant to the present proceedings. The same holds true for tribal laws or treaties that are referenced in the motion to extend the pretrial motion deadline date. As to the federal law that may be relevant, the court has appointed standby/resource counsel specifically for the purpose of providing assistance and the defendants have not demonstrated that any relevant information has not been obtainable through them. Further, in the event the facility where the defendants are being housed does not have comparable material, the court is forwarding today to the facility an extra copy of a recent edition of West's Federal Criminal Code and Rules (2005 edition), which contains the federal rules of

criminal procedure and evidence along with relevant federal statutes. The court has spoken with the director of the facility who has indicated the volume will be made available to the defendants for use in accordance with the rules of the facility.

Based on the foregoing, the motions for access to a law library with international and federal laws (Docket No. 39) are **DENIED**.

2. Motion to Compel Discovery.

The defendants have indicated that, when the government's discovery material was proffered to them, they were required to sign a statement that the material would only be used for "defense purposes." Defendants claim there is some uncertainty in their minds as to what this means in terms of use of the material. One of the defendants asserted he refused to sign because he believed it inhibits his right to argue that the damaged property was "illegal first strike offensive nuclear weapons of mass destruction." Another defendant argued that the restriction may unreasonably prevent him from retaining the material following the trial. Still another defendant argued that he has never been presented with such a requirement in past cases.

It appears from the motions filed by the defendants that they have not taken possession of the discovery material because of their unwillingness to sign the statement. And, the court does not want this problem to be a reason for postponing the trial.

The undersigned doubts that the question of whether the property damaged is "offensive" or "defensive" in terms of its military capability is relevant to the present proceedings. However, this is a matter for Chief Judge Hovland to rule on in terms of the trial evidence. For purposes of discovery, any commitment by the defendants that the discovery material would be used only for "defense purposes" means it only can be used for defending against the current charge. It would not

prohibit use of the material at trial to make the argument that the damaged property had offensive military capabilities if the court rules this is relevant.

This being said, the pretrial order issued by the court for discovery does not contain any limitation that the discovery material can only be used for "defense purposes" and the court questions why such a limitation is necessary. Consequently, given the time constraints, is hereby **ORDERED** that the government either withdraw any restriction that the material be used only for "defense purposes" and forward the discovery material to the defendants forthwith, or file by the end of the day August 10, 2006, a response showing cause why such a restriction is required for all, or part, of the discovery material being proffered. In its response, the government should provide the court with citations to any authority it has that supports the imposition of such a restriction, including addressing any First Amendment issues that may be applicable.

3. Motion to Continue Trial Date

Defendants request that the trial be continued because standby counsel William Schmidt has a scheduling conflict for the week the trial is scheduled. This issue was addressed at an earlier hearing and the court advised Mr. Schmidt that he should forthwith file a motion to withdraw if he would not be available. Given that Mr. Schmidt is only standby /resource counsel and that adequate time remains for appointing a replacement, it is hereby **ORDERED** that Mr. Schmidt file by the end of the day August 9, 2006, a request to be removed as standby/resource counsel or be prepared to proceed on the dates presently scheduled for trial. The motions for continuance (Docket No. 36) are **DENIED**.

    4.      <u>Motions to Extend Deadlines for Filing Motions</u>

Defendants also move to extend the date for filing pretrial motions because of the issues raised in the foregoing motions. In terms of defendants' trial preparation, including preparation of pretrial motions, the court observes that the defendants have had access to standby/resource counsel since July 5, 2006, which was prior to the return of the indictment and the arraignment. Also, the defendants have had access to substantial information regarding the circumstances surrounding the charge as set forth in the affidavit supporting the initial complaint and as presented at the preliminary hearing. However, given the issue raised with respect to the discovery material, the court hereby **ORDERS** that the motion to extend the deadlines for filing pretrial motions is **GRANTED** and the new deadlines shall be August 25, 2006, for filing motions regarding discovery and discovery disputes and September 1, 2006, for all other pretrial motions.

    5.      <u>Motions to Include Defendants in All Telephone Conferences, Hearings, and Meetings</u>.

Defendants move the court for an order to include them in all telephone conferences, hearings, and meetings. More specifically, the defendants request that they be allowed to participate by phone conference with respect to the setting of a new trial date. However, no new trial date is being set. Further, the court understands that the defendants are proceeding *pro se* and what this requires in terms of the defendants' right to participate. Consequently, based on the foregoing, the current motions for a hearing or telephone conference (Docket No. 40) are **DENIED** as being moot.

    6.      <u>Requests for copies to standby counsel and other paper handling</u>

Defendants request that copies of the above motions be sent to standby counsel because they do not have the funds to pay the copying charges where they are being incarcerated. It is hereby

**ORDERED** that copies of the above motions be sent or made available to standby counsel by the Clerk, either by forwarding paper copies or electronically through electronic filing if counsel are participating, and that similar action be taken for any future filings by the defendants.  Further, it is also hereby **ORDERED** that, henceforth, the government and the Clerk shall serve, as pertinent, copies of all pleadings, orders, and other documents upon the defendants and on standby counsel.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge