**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION TO** |
| | ) | **COMPEL DISCOVERY AND ORDER** |
| vs. | ) | **FOR RECIPROCAL DISCOVERY** |
| | ) | |
| Carl Kenneth Kabat, | ) | Case No.: 1:06-cr-059 |
| Gregory Irwin Obed, | ) | |
| Michael Robin Walli, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the defendants' Motion to Compel Discovery (Docket No. 37). As indicated in the court's prior order setting the deadline for the government's response, the issue arose when the government tendered discovery material to the defendants and they refused to accept it because of the conditions placed upon the receipt of the discovery by the government. Specifically, the defendants objected to having to sign a statement promising that the evidence would only be used for "defense purposes."

The government has now responded and has attached a copy of a cover letter that was addressed to one of the defendants that accompanied the proffered discovery material. The letter appears to be a form letter used by the government to limit the use of the discovery material and to trigger reciprocal discovery rights. Accompanying the letter is a "Discovery Policy Request" form that "requests" that the U.S. Attorney's Office follow the discovery policy outlined in the letter and that, implicitly, may obligate the defendants to follow the policy in terms of its use of the material. Also, the request form contains an acknowledgment that the request triggers the defendants' reciprocal discovery obligations under Fed.R.Crim.P. 16.

1

In its response, the government states that it was providing the discovery early and that it was not unreasonable to condition the response, particularly when no request for discovery had been made. However, the issue of discovery was discussed at the arraignment and a request for discovery was made on the record by the defendants. Further, the court in issuing its discovery order modified its standard order to acknowledge the fact that the request had been made. Finally, the court does not agree with the government's characterization of the discovery being "early" in that the court had issued its discovery order and the motion deadline date and trial dates are rapidly approaching.

Based on the foregoing, the government is **ORDERED** to forthwith send to the defendants the material it has in its possession that is responsive to the items set forth in Rule 16(a)(1)(A)-(G). The court also reminds the government that this includes a written summary of any opinion testimony that may be offered by the government as to the extent or value of any damage suffered by the United States in the form required by Rule 16(a)(1)(G). No conditions are placed on the defendants use of the material responsive to the government's discovery obligations under Rule 16(a)(1)(A)-(G) since the government has not offered sufficient reason, including citation to any relevant authority, as to why any conditions should be imposed.

As to material that the government discloses outside of the requirements of Rule 16(a)(1)(A)-(G), including statements of government witnesses and grand jury material not otherwise discoverable under Rule 16(a)(1)(A)-(G), it is hereby **ORDERED** that the government may separately identify to the defendants any such material by stamping each page of the material "confidential." Any material stamped "confidential" may be used by the defendants in preparation for trial and may be used at trial. However, such material may not be publicly disclosed prior to trial by the defendants, but, after the trial has commenced, no limitations are placed on the disclosure of

the "confidential" information given the government's lack of citation to any relevant authority that prohibits public disclosure once the material is in the hands of the defendants and the trial has commenced. See also 18 U.S.C. § 3500; Fed.R.Crim.P. 6(e)(2) (no obligation of secrecy of grand jury information may be imposed except as provided in Rule 6(e)(2)(B)).

The court is imposing the separate requirements with respect to the "confidential" information in recognition of the fact that, technically speaking, the government does not have to disclose this material until trial absent a court order.[1] See 18 U.S.C. § 3500; Fed.R.Crim.P. 16(a)(2). Once the material is disclosed at trial in accordance with the rules, the rights of the defendants to a public trial, and more generally the right of the public to know what its government is doing, trump any claim of confidentiality - at least absent some special showing by the government, which it has not made here. See, e.g., Waller v. Georgia, 467 U.S. 39 (1984).

Finally, it is hereby **ORDERED** that the defendants must comply with their reciprocal discovery obligations and provide to the government any material responsive to Fed.R.Crim.P. 16(b)(1)(A)-(C) and notice of any alibi defense pursuant to Rule 12.1 without further demand having to be made by the government.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

---

[1] It appears, however, that the government's concerns in this case are overblown given that most of the witnesses will likely be government agents and employees who are unlikely to be intimidated or embarrassed by any pretrial disclosure of the information.

3