IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | **ORDER DENYING DEFENDANTS'** |
| vs.           ) | **APPEAL** |
| ) | |
| Carl Kenneth Kabat, Gregory Irwin           ) | |
| Boertje-Obed, and Michael Robin Walli,           ) | Case No. 1:06-cr-059 |
| ) | |
| Defendants.           ) | |

Before the Court is the Defendants' "Motion to Appeal the Ruling on our Motion to Preserve the Evidence" filed on August 15, 2006. The Defendants' motion states in part:

> In our previous motion to preserve the evidence we asked to have an investigator inspect the material to make an independent estimate of the repairs. We are appealing the decision to deny this request. We are asking the Court to compel the prosecutor to provide us with the photos of the disarmed materials and the price list of the repairs.
> We ask for these materials so that we can see them and then we can show them to an expert whose qualifications the Court would recognize. We ask for the expert to view the photos and written costs in order to determine if it is necessary to inspect the site.
> Because we are indigent, we request the Court to make provisions to provide funds to compensate an expert for these purposes.

See Docket No. 60.

The Court finds that the Defendants' requests as to the production of photographs has been addressed in a prior ruling of Magistrate Judge Miller. In his Order of August 11, 2006, Judge Miller specifically ordered the Government to turnover the following:

> Based on the foregoing, the government is **ORDERED** to forthwith send to the defendants the material it has in its possession that is responsive to the items set forth in Rule 16(a)(1)(A)-(G). The court also reminds the government that this includes a written summary of any opinion testimony that may be offered by the government as to the extent or value of any damages suffered by the United States in the form required by Rule 16(a)(1)(G).

See Docket No. 56. Judge Miller's order clearly requires the Government to produce any photographs of the alleged damage.

As to the issue of appointing an expert, Judge Miller, in his Order of August 10, 2006, specifically set forth the procedure through which the Defendants' could request that an independent inspector be allowed to inspect the allegedly damaged property.

> If defendants file a new request supported by an affidavit from a person qualified to make an estimate stating that an inspection is necessary and the reasons why photographs and other information is not sufficient, the court will reconsider the matter.

See Docket No. 50. However, the Court did not construe the Defendants' previous filings as a request to appoint an expert. To the extent that the Defendants wish to have a court-appointed expert, the Defendants must comply with 18 U.S.C. § 3006A(e), which provides as follows:

> (1) Upon request. — Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex part proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, . . . shall authorize counsel to obtain the service.
>
> (2) Without prior request. —
>     (A) Counsel appointed under the section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (b) of this paragraph, the total cost of services obtained without prior authorization may not exceed $500 and expenses reasonably incurred.
>     (B) The court . . . may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $500.
>
> (3) Maximum amounts. — Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $1,600, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services on an unusual character or duration, and the amount of the excess payment is approved by the chief

>judge of that circuit.  The chief judge of the circuit may delegate such approval authority to an active circuit judge.
>
>(4) Disclosure of fees. — The amounts paid under this subsection for services in any case shall be made available to the public.

18 U.S.C. § 3006A(e).  To assist the Defendants in meeting the requirements of Section 3006A(e), the Court has included a "CJA 21 Authorization and Voucher for Expert and Other Services" form for each Defendant.  The Court <u>strongly encourages</u> each Defendant to seek the assistance of standby counsel in determining whether an expert is warranted and in completing the form.

In accordance with Local Rule 72.1(E), the Magistrate Judge's Order will be set aside only if it is found to be clearly erroneous or contrary to law.  The Court has carefully reviewed the record and finds that Magistrate Judge Miller reviewed the Defendants' requests in light of the existing statutes, rules, and case law.  The Court further finds that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law.  Accordingly, the Court affirms Magistrate Judge Miller's Order of August 11, 2006, and **DENIES** the Defendants' Appeal.  (Docket No. 60).

**IT IS SO ORDERED.**

Dated this 16th day of August, 2006.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

3